STEVEN TOSCHER, ESQ., (CA SBN 91115)
EDWARD M. ROBBINS, ESQ. (HI Bar No. 8314)
KURT KAWAFUCHI, ESQ., (HI Bar No. 4341)
HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California  90212-3414
Telephone:   (310) 281-3200
Facsimile:    (310) 859-1430
E-mail:         toscher@taxlitigator.com
                    robbins@taxlitigator.com
                    Kawafuchi@taxlitigator.com

Attorneys for Defendant
ALBERT S. N. HEE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v..<br><br>ALBERT S.N. HEE<br><br>Defendant. | CR NO.  14-00826-SOM<br><br>DEFENDANT ALBERT S. N. HEE'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL FILED ON JANUARY 16, 2015<br><br>JUDGE:    Barry M. Kurren<br>Hearing Date: March 6, 2015<br>Time:            11:OO a.m. |

### I.    Introduction

The Defendant, Albert S.N. Hee, respectfully submits his opposition to the government's motion to disqualify his chosen counsel.  As set forth below, there is no basis for the motion since counsel for Mr. Hee, Kurt Kawafuchi, will not be a witness for the Defendant in this proceeding.  Accordingly, the motion should be denied.

## II. Summary of Government's Arguments

The government maintains that Mr. Kawafuchi will be an "essential" witness at the trial and therefore must be disqualified from the case, along with the entire Hochman law firm. The government is wrong. Mr. Kawafuchi will not be a witness, essential, necessary, or otherwise.

### A. Mr. Kawafuchi Need Not Testify as the Custodian of Records Authenticating Records of Corporations and Trusts Controlled by the Defendant

According to the government, Mr. Kawafuchi agreed to accept service of grand jury subpoenas on behalf of certain corporations and trusts, and to provide all subpoenaed business records of those corporations and trusts to the United States. Mr. Kawafuchi thereafter provided voluminous business records on behalf of such entities. During the grand jury process, Mr. Kawafuchi advised the government that he and the Hochman Law Firm represented Mr. Hee and would be representing the entities for purposes of the grand jury subpoenas. The United States says it will call Mr. Kawafuchi as a witness to describe the manner by which the records were maintained and collected and authenticate them for admission. Mr. Kawafuchi does not have personal knowledge of the business records which could even provide a basis for him to authenticate them at trial.

Defense counsel routinely agree to produce records in response to grand jury subpoenas, making life easier for both for the government and the subpoenaed clients. This is the first time we have heard the government theorize that any defense lawyer doing this is disqualified from representing the client, and so is his or her law firm. There

are numerous other ways the government can authenticate these records such as the investigating agent testifying that he served grand jury subpoenas for business records and showing what were produced by the business. The government's position here should be summarily rejected.[1]

### B.    Mr. Kawafuchi Need Not Testify as Part of a Reliance Defense

The government speculates that it may need to call Mr. Kawafuchi to refute a potential "reliance" defense in the case. The government points to two situations where it thinks that Mr. Kawafuchi may be a defense witness in support of a reliance defense.

First, Mr. Kawafuchi, as the lawyer for Mr. Albert Hee and his company Waimana Enterprises, Inc. (WEI) and all its subsidiaries (e.g., Sandwich Isles Corporation (SIC), Clearcom, Inc. (CCI), and Ho'opa'a Insurance Corporation (HIC)), provided the substance of a statement the return preparer attached to the 2009 consolidated tax return. This statement is a form statement routinely attached to a tax return where the taxpayer cannot marshal the facts to prepare a complete and accurate return prior to the return's due date. The statement advises the IRS of the problem and promises that the return will be amended, when and if the data becomes available. A secondary purpose is to hopefully mitigate any potential civil accuracy related penalties, if it turns out that the taxpayer understated its tax. A third purpose is to create a record to protect the CPAs

---

[1] Counsel for the Defendant will consider the stipulation to trial exhibits as appropriate in order to facilitate the conduct of the trial. Counsel cannot and will not stipulate wholesale to unspecified documents and the government has not identified any specific trial documents to Counsel with a request for stipulation.

preparing the tax return and reduce the likelihood of tax preparer penalties under 26 U.S.C. Section 6694 and potential sanctions under Circular 230.

Under these circumstances, we cannot come up with a theory where Mr. Kawafuchi's role with this statement becomes part of a reliance defense, and the government has suggested none.

Second, at the end of 2012, according to the government, Mr. Kawafuchi allegedly asked the controller to assist in providing legal advice by calculating the shareholder loan balance and the accrued interest on the loans to shareholder that Mr. Hee took during the years 2005-2012 so that he could provide confidential attorney client privileged advice to his client Mr. Hee. According to the controller, upon receiving the information, Mr. Kawafuchi allegedly advised Defendant to pay off the loan and the accrued interest.

Assuming the controller is correct, Mr. Kawafuchi legal advice to Defendant to pay off the loan and the accrued interest is privileged and would not come out absent a waiver by Defendant. Again, we cannot come up with a theory where this advice, assuming it was given, becomes part of a reliance defense, and the government has suggested none.

The fact that Mr. Hee paid off the shareholder loan with interest can be established by Waimana accounting and tax records and a number of third party witnesses.

///
///
///

4

### III. Argument

### A. Disqualification Requires a Showing by the Government, Through Admissible Evidence, of an Actual Conflict or a Serious Potential for an Actual Conflict

A disqualification analysis begins with a presumption in favor of a defendant's Sixth Amendment right to counsel of choice, which may then be overcome only by a demonstration of actual conflict[2] or by a showing of a serious potential for conflict. *United States v. Baker*, 10 F.3d 1374, 1399 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (citing *Wheat v. United States*, 486 U.S. 153 (1988)(U.S. Supreme Court held that a defendant's Sixth Amendment presumption in favor or counsel of choice may be overcome by an actual conflict or a serious potential for conflict)). "The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." *Id*. The government therefore has a heavy evidentiary burden here: "(a] motion to disqualify should be accompanied by declarations and admissible evidence sufficient to establish the factual predicate upon which the motion depends." *Colyer v. Smith*, 50 F. Supp. 2d 966, 967 (C.D. Cal. 1999). For this purpose, a showing of a mere possibility of a future conflict is insufficient. *See United States v. Linton*, 502 F. Supp. 871, 877 (D.C. Nev. 1980)(denying motion to disqualify because, "[a]lthough the chronology of events and the very fact of such dual representation arouses suspicion and creates a potential for

---

[2] An "actual conflict," for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance. *Mickens v. Taylor*, 535 U.S. 162, 172 (2002) (effective assistance case).

conflict of interest, the Government has not provided facts and evidence sufficient to establish the existence of such a conflict nor the reasonable foreseeability that an actual conflict will arise").

Where, as here, the government's allegations of actual or potential conflicts are based purely on speculation, the motion to disqualify must be denied. A disqualification analysis begins with a presumption in favor of a defendant's Sixth Amendment right to counsel of choice, which may then be overcome only by "a demonstration of actual conflict[or] by a showing of a ***serious potential*** for conflict." *United States v. Baker,* 10 F.3d 1374, 1399 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby,* 225 F.3d 1053 (9th Cir. 2000) (citing *Wheat v. United States*, 486 U.S. 153 (1988)). [Emphasis added.]

Particularly in a criminal case, an alleged conflict of interest may not be based upon speculation. "[T]o prevail on a conflict of interest claim, the complaining party has the burden of establishing that the joint representation in fact has created a conflict of interest. A court may not find a conflict of interest out of mere conjecture as to what might have been shown." *Linton*, 502 F. Supp. at 876 (citing *Willis v. United States*, 614 F.2d 1200 (9th Cir. 1979); *Lugo v. United States*, 350 F.2d 858 (9th Cir. 1965)). "Conflict issues are not to be decided on the basis of speculation, but by a considered determination of whether, in fact, a conflict of interest exists." Id. (citing *Willis*, 614 F.2d 1200; *Carlson v. Nelson*, 443 F.2d 21 (9th Cir. 1971)). "Thus, facts and evidence are

6

required before the right of a person to legal representation of his own choosing may be vitiated on the ground of conflict of interest." *Id*. at 876-77 (citing *Matter of Grand Jury Empaneled January 21, 1975*, 536 F.2d 1009 (3rd Cir. 1976)); *accord Stenson v. Lambert*, 504 F.3d 873, 885-86 (9th Cir. 2007) ("the mere 'possibility of conflict is insufficient to impugn a criminal conviction.'") (ineffective assistance of counsel case, quoting in part *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)).

The evidence presented by the government comprises (1) a statement from the 2009 consolidated income tax return offered to prove the statement, (2) minutes from the Pflueger criminal case offered to prove that the government had to call a witness in that case to authenticate various business records in that trial, and (3) the standard jurat found on the 2009 consolidated income tax return offered to prove that the return was signed by defendant swearing:

> Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

None of these exhibits, individually or in combination, show actual or a serious potential conflict. Further, as explained above, there is no reason to call Mr. Kawafuchi as a witness on any of the three issues: (1) the authentication of the business records; (2) the disclosure statement; and (3) the alleged privileged advice to follow the law in imputing interest under IRC Section 7872(c)(1) (C) or pay-off the shareholder loan.

Because the government has raised the possibility of a conflict, Counsel has discussed the issue with Mr. Hee. Mr. Hee agrees that he will not be relying upon Mr. Kawafuchi in connection with any reliance defense at trial and that he will not call Mr. Kawafuchi as a witness at trial.

**B.     In Hawaii, Conflicts in the Attorney as Witnesses Cases Are Governed by the Hawaii Rules of Professional Conduct**

The standard governing disqualification based on the potential that an attorney will be called on to testify as a fact witness is grounded in counsel's ethical duties to the client, as well as counsel's ethical duties to the legal profession as a whole. The Local Rule 83.3, "Attorney Standard of Professional Conduct" of the United States District Court for the District of Hawaii states that "Every member of the bar of this court and any attorney permitted to practice in this court pursuant to Local Rule 83.1(d) or (e) shall be governed by and shall observe the standards of professional and ethical conduct required of members of the Hawaii State Bar." Such cross-reference to the Hawaii Rules of Professional Conduct results in Rule 3.7, titled "Lawyer as Witness," being the guiding ethical standard for the analysis of the pending motion to disqualify counsel. Haw. R. of Prof'l Conduct R. 3.7. Such Rule is commonly referred to as the "witness-advocate rule."

///
///
///

1. **The Ethical Standards Applied Here Do Not Create an Actual or a Serious Potential Conflict**

The Rule provides:

> Rule 3.7. LAWYER AS WITNESS. (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9 of these Rules.

The first question is whether Mr. Kawafuchi is "likely to be a necessary witness" on behalf of the defense. Mr. Hee asserts that Mr. Kawafuchi's testimony is unnecessary to Mr. Hee's case as explained above, and represents that Mr. Hee will not call Mr. Kawafuchi as a witness. The government's speculation it may have to call Mr. Kawafuchi to rebut some reliance defense cannot trigger Rule 3.7.

/ / /
/ / /
/ / /

2. **In All Events, The Ethical Standards Applied Here Do Not Require Recusal of the Entire Hochman Law Firm**

Assuming that Mr. Kawafuchi was recused as the result of being a necessary witness, such recusal would not affect the other members of the Hochman firm. To recuse another lawyer from the firm, Rule 3.7(b) provides that lawyer must be conflicted out under Rule 1.7 or Rule 1.9.

> Rule 1.7. CONFLICT OF INTEREST: GENERAL RULE.
>
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives consent after consultation, confirmed in writing.

(c) When representation of multiple clients in a single matter is contemplated, the consultation shall include explanation of the implications of the common representations, including both the advantages and the risks involved.

Rule 1.7 is generally aimed at so called "concurrent conflicts." The only possibility at all for its application is that if Mr. Kawafuchi was going to be witness, that could somehow implicate his "personal interest" under subsection (a)(2) and even under that circumstance, the rules provide that the conflict can be waived. In all events, since Mr. Kawafuchi will not be a witness at trial, there is no concurrent conflict.

Rule 1.9. CONFLICT OF INTEREST: FORMER CLIENT.

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation, and confirms in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client consents after consultation, and confirms in writing.

11

>   (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>   (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
>   (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Nothing in Rule 1.9 applies to the other members of the Hochman firm. The two rules are directed at situations where the law firm is representing multiple clients with differing interest, not the situation present here.

### C.     *Evanson* Is Distinguishable and Inapposite to This Case.

The government points to *U.S. v. Evanson,* 584 F.3d 904 (10th Cir. 2009), as support for its argument that the entire Hochman firm should be disqualified. The government in *Evanson* presented facts demonstrating a serious conflict of interest. In *Evanson*, the defendants were charged with operating a scheme to enable participants to cheat the government out of income-tax revenue. The government moved to disqualify one of the defendant's counsel based on his alleged involvement in the scheme. The government pointed to three documents written by the defendant that referenced his attorney in responding to inquiries from participants in the scheme. The documents

suggested that the attorney was aware of the defendant's knowledge and intent to cover-up the transactions at issue, and that he may have approved of the defendant's actions.[3]

The Tenth Circuit stated as follows regarding the letters:
> Much of their content was devoted to assertions about how various transactions between the participants and Mr. Evanson's companies had been handled. In particular, they emphasized that the phony loans were legitimate obligations. There is little in their content to suggest that they were the product of advice to Mr. Evanson about how he needed to conform his conduct to the law. They focused on telling participants what their (longstanding) obligations were.[4]

In contrast, the government here, apart from its unsupported speculation, has presented nothing remotely suggesting that Mr. Kawafuchi was involved in the charged conduct.

In sum, the government's claim that Mr. Kawafuchi will be a necessary witness and therefore the entire Hochman firm should be disqualified should be rejected.

### D. **The Defendant Will be Prejudiced and Suffer Substantial Hardship If Counsel is Disqualified**

Mr. Kawafuchi and the Hochman Firm has represented Mr. Hee since the commencement of the grand jury investigation in 2010. Mr. Hee would be severely prejudiced if current counsel were disqualified. Counsel has invested substantial time over the last four and one-half years. In addition to the financial hardship created by requiring new counsel, new counsel would require substantial additional time to prepare for trial depriving Mr. Hee of a speedy trial.

---

[3] Evanson, 584 F.3d at 905-08.
[4] *Id*. at 915.

### IV. Conclusion

The government's Motion to Disqualify Counsel should be denied.

DATED: February 20, 2015

Respectfully submitted,

STEVEN TOSCHER, ESQ.
EDWARD M. RO BBINS, JR., ESQ.
KURT KAWAFUCHI, ESQ.
HOCHMAN, SALKIN, RETTIG,
TOSCHER & PEREZ, P.C.


By:   /s/ Steven Toscher.
STEVEN TOSCHER., ESQ.

Attorneys for Defendant,
ALBERT S.N. HEE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>ALBERT S.N. HEE<br><br>         Defendant. | CR NO.  14-00826-HG<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served upon the below-identified parties at their last known addresses:

*Served electronically through CM/ECF:*

> Leslie E. Osborne, Jr.
> Office of the United States Attorney
> Prince Kuhio Federal Building
> 300 Ala Moana Boulevard, Suite 6100
> Honolulu, HI  96850
> Phone:  808-541-2850
> Email:  les.osborne@usdoj.gov

Dated:  February 20, 2015           /s/ Kurt Kawafuchi
                                          KURT KAWAFUCHI

6409541_1.docx

15