STEVEN TOSCHER, ESQ. (CA SBN 91115)
EDWARD M. ROBBINS, ESQ. (HI Bar No. 8314)
KURT KAWAFUCHI, ESQ. (HI Bar No. 4341)
HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California  90212-3414
Telephone:  (310) 281-3200
Facsimile:   (310) 859-1430
E-mail:       toscher@taxlitigator.com
                   robbins@taxlitigator.com
                   kawafuchi@taxlitigator.com

Attorneys for Defendant
ALBERT S. N. HEE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>ALBERT S. N. HEE<br><br>                    Defendant. | **CR NO.  14-00826-SOM**<br><br>DEFENDANT ALBERT S. N. HEE'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE GOVERNMENT'S USE OF LAY SUMMARY WITNESS TESTIMONY |

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 17, 2014, the government obtained a seven count superseding indictment against Mr. Hee. The superseding indictment charges Mr. Hee with one count of violating the "omnibus clause" of Internal Revenue Code ("IRC") Section 7212(a) during years 2002 - 2012, contending that Mr. Hee corruptly endeavored to obstruct and impede the administration of the Internal Revenue Laws, and also accuses him of six counts of violating IRC section 7206(1) ("tax perjury"), by willfully submitting false individual income tax returns for years 2007 through 2012.

## I. INTRODUCTION

The Government has not designated any expert witnesses for its case in chief. However, the Government undoubtedly intends to call a "summary" witness.[1] Typically, in a tax prosecution, the Government will have an agent of the Internal Revenue Service testify as a summary witness based on the evidence adduced at trial. This witness will observe the trial and perform computations based on both the documentary evidence and testimony that is received. The witness will listen to this testimony and, at the conclusion of the case, offer computations and opinions regarding the specific transactions at issue.

---

[1] Government counsel essentially stated this intention at the recent hearing on March 6, 2015.

For the reasons set forth below, defendant maintains that the Government's proposed testimony is expert opinion testimony of the sort the Government typically offers in tax prosecutions. This testimony is admissible only through a qualified expert and cannot be received through a so-called "summary witness."

## II. THE GOVERNMENT'S SUMMARY WITNESS IN THIS CASE, NOT BEING QUALIFIED AS AN EXPERT, IS LIMITED TO PREPARING RULE 1006 SUMMARY CHARTS AND PERFORMING BASIC MATHEMATICAL CALCULATIONS

Even before the 2000 amendments to the Federal Rules of Evidence, in public published guidance to its tax prosecutors, the Department of Justice explained to its tax prosecutors that ordinarily the tax summary witness is an expert and needs to be qualified as such.

> 31.14 Net Worth Schedules
> At the close of its case, the government typically calls a **summary expert witness** who summarizes the evidence and introduces schedules reflecting the government's net worth computation.[2]
>
> 33.10 Use of Summary Charts and Schedules
> In a bank deposits case, just as in a net worth case, at the close of its case, the government calls to the stand a **summary expert witness,** who summarizes the evidence and presents schedules reflecting the government's bank deposits computation.

---

[2] The current version of this paragraph adds the following: "The testifying agent need not be involved in the investigation or original preparation of the government's case, but may be recruited specifically to **testify as an expert at trial**." See Department of Justice Criminal Tax Manual (2012)(emphasis added).

3

> 40.14[23] IRS Agent's Testimony and Sequestration
>
> IRS agents usually testify during the course of a tax trial. Often such testimony will consist of summarizing the government's documentary evidence and providing tax requirements and calculations based on that testimony. **Provided the agent has been properly qualified as an expert witness, would be helpful to the jury, and does not offer any opinion on the ultimate issue of guilt, such testimony is fully admissible**. See United States v. DeClue, 899 F.2d 1465, 1473 (6th Cir. 1990); United States v. Beall, 970 F.2d 343, 347 (7th Cir. 1992), cert. denied, 113 S. Ct. 1291 (1993); United States v. Mann, 884 F.2d 532, 539 (10th Cir. 1989). An IRS agent who does testify as an expert/summary witness should be allowed to remain in the courtroom during the trial, in addition to the case agent under Fed. R. Evid. 615. See United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 1991).

See Department of Justice Criminal Tax Manual (1994)(emphasis added).

In issuing these instructions to its prosecutors, the Department of Justice was following the well-established law on the issue of summary experts in tax prosecutions in this and other circuits.[3]

---

[3] *See United States v. Marchini*, 797 F.2d 759, 765-66 (9th Cir. 1986 ) (district court has discretion to allow agent of IRS to testify as an " expert summary witness" based upon the agent having heard the testimony of the other witnesses and having reviewed the exhibits); *United States v. Greene*, 698 F.2d 1364, 1367 (9th Cir. 1983) (Government's qualified expert witness permitted to testify about a summary net worth report distributed to the jurors with no objection by defense); *Barsky v. United States*, 339 F.2d 180 (9th Cir. 1964) (the trial court did not err by permitting the Government's expert witness to testify about a summary net worth analysis presented to the jury); *United States v. Soulard*, 730 F.2d 1292, 1299 (9th Cir. 1984) (a "summary expert" can be called to the witness stand to present the Government's bank deposits analysis as long as the witness is qualified as an expert); *United States v. West*, 58 F.3d 133, 140-41 (5th Cir. 1995) (admission of testimony of IRS expert witness testimony, which included summary of testimony given by other Government witnesses, was not error because the agent referred to other evidence when necessary to explain his analysis); *United States v. Moore*, 997 F.2d 55, 58 (5th Cir. 1993) (citing cases); *United States v. Beall*, 970 F.2d 343, 347 (7th Cir. 1992) (IRS expert's summary of documentary evidence and testimony regarding tax consequences of subcontractor relationship within agent's area of expertise); *United States v. DeClue*, 899 F.2d 1465, 1473 (6th Cir. 1990) (IRS special agent with accounting degree, regular IRS training and experience spanning seven years qualified to testify as expert about tax due and

To the extent that cases in some jurisdictions once allowed the Government's summary witness to testify as a lay expert without being qualified as an expert, defendant submits that those cases are inoperative in the wake of the 2000 amendments to the Federal Rules of Evidence. Federal Rule of Evidence 701 entitled "Opinion Testimony by Lay Witnesses" was amended effective December 1, 2000. Rule 701, as amended, attempts to distinguish between lay and expert opinion testimony by providing that lay opinion testimony may be admitted under Rule 701 only if it is "not based on scientific, technical, or other specialized knowledge." The effect of narrowing the definition of lay opinion admissible under Rule 701 is that Government agents and investigators currently permitted in some jurisdictions to offer lay opinions under Rule 701 are now required to qualify and testify as expert witnesses under Rule 702. Qualifying a witness under Rule 702 has many consequences for the Government. Under Fed. R. Crim. P. 16, the prosecutor is required upon request of the defendant to provide a written summary of the expected testimony of any witness whose testimony is offered under Rule 702. Thereafter the defense can challenge the scope of the expertise and the subject matter of the proffered expert's testimony. In the present case, the

---

owing); *United States v. Mann*, 884 F.2d 532, 539 (10th Cir. 1989) (Government's summary witness testified as an expert in the field of income tax calculation and accounting); *United States v. Barnette*, 800 F.2d 1558, 1568-69 (11th Cir. 1986) (IRS expert auditor and accountant properly permitted to give his opinion of the "income tax implications" as applied to the defendant). *See also United States v. Benson*, 941 F.2d 598, 603-06 (7th Cir. 1991) (conviction reversed where IRS agent not offered as an expert gave opinions).

Government has designated no expert witness; accordingly, the Government cannot offer any expert testimony.

Nor can the Government cite Rule 701 for the proposition that lay witnesses can offer opinion testimony and, therefore, if the Government's summary witness limits his or her trial testimony to opinions based on the witness' perception, for instance, observations at trial and forensic calculations, then the disclosure requirements for an expert witness under Rule 16(a)(1)(G) are not triggered. Defendant respectfully submits that the lay summary witness cannot give opinions based on his or her observations at trial without being qualified as an expert. Rule 701 contemplates a percipient lay witness and the Government's summary witness is certainly not a percipient witness in this case. See Advisory Committee Notes, 2000 Amendments to Federal Rule of Evidence 701. The Government's summary witness was brought into this case by the Government long after the facts charged in the indictment. The Government's summary witness has absolutely no personal knowledge about any of the relevant facts of this case. Instead, the Government's summary witness, according to the Government's typical procedures, plans to sit through the trial and observe it and then explain to the jury what the jury just saw and heard. This sort of testimony is irrelevant and immaterial and adds nothing to the jury's perception of the evidence. Such testimony is improper under Rule 701 and is proper, if at all, only if given by a qualified expert who has some expertise

to add to the jury's understanding of the facts presented. *Id.* Otherwise the testimony is irrelevant, immaterial and, importantly, hearsay.

The proper method for the Government to present its calculation of the total amount of tax loss is to qualify any "summary witness" as an expert witness. *See, e.g.*, *United States v. Soulard*, 730 F.2d 1292, 1299 (9th Cir. 1984) (noting that the IRS agent who testified as a summary witness to present the Government's analysis of tax liability was properly qualified as expert witness); *United States v. Perez*, 612 F.3d 879, 886 (7th Cir. 2010) (noting that the Government presented expert testimony from an IRS agent to show that defendant's tax returns were false); *United States v. Moore*, 997 F.2d 55, 58 (5th Cir. 1993) (noting that IRS agent properly testified as expert summary witness in tax evasion case). In fact, the Government's own primer—the Department of Justice Criminal Handbook—states that the witness "who summarizes the evidence and presents schedules" must be qualified as an expert. See Department of Justice Criminal Tax Manual 33.10 (2012) (citing *Soulard*, 730 F.2d at 1299). At the very least, the Government should be held to its own standards.

The Government's summary witness will likely be an IRS Revenue Agent or Special Agent—who undoubtedly has specialized knowledge in accounting and/or tax. Designation of the Government's summary witness as an expert witness is appropriate here given the complexity of the case. The alleged total tax liability

exceeds $4 million and spans thousands of transactions over a six-year period, trial on which will last several weeks at least. In addition, this case implicates both personal income taxes and business income taxes, adding to the complexity. Thus, testimony of an expert witness could provide assistance to the jury. See, e.g., *United States v. Stadtmauer*, 620 F.3d 238, 269 (3d Cir. 2010) (listing cases where IRS agent testified as expert witness); *United States v. Pree*, 384 F.3d 378, 392 (7th Cir. 2004) ("[W]here an IRS Revenue Agent summarizes the evidence for purposes of establishing tax consequences, the line between summary testimony and expert testimony is indistinct. Given the assistance such an individual can provide to the jury, it has not been unusual . . . for an IRS agent to testify as an 'expert summary witness.'").  As such, the Government will be required to designate any summary witness as an expert witness. *Cf. United States v. Steirhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008) (finding IRS agent was not required to be qualified as expert because the calculations were "straightforward and transparent").[4]  Defendant would also be entitled to receive written summaries of any expert's testimony, as required by Rule 16(a)(1)(G).

Defendant notes that he is not challenging the Government's ability to use a lay summary witness whose testimony is governed by Federal Rule of Evidence

---

[4] In *Steirhoff*, the IRS agent sat through trial and studied the documentary evidence. 549 F.3d at 27. Based on the information presented at trial, he was able to calculate the defendant's tax liability from 1999 through 2002 using bank deposits method and "elementary school arithmetic." *See id.*

1006. Rule 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." See *United States v. Hicks*, 103 F.3d 837, 840 (9th Cir. 1996). Thus, Federal Rule of Evidence 702 and the cases relating to expert witness testimony are not relevant to a witness who has prepared a Rule 1006 summary chart and is simply laying the foundation for its receipt into evidence. As a general matter, the defense has no objection to this sort of summary witness and would allow that this sort of summary witness could even give basic math calculations such as adding up a column of numbers and add those calculations to the summary chart. The defendant maintains, however, that basic math calculations represent the outer limits of the scope of such lay summary witness's testimony. If the lay summary witness needs to go further than these outer limits, the summary witness must be qualified as an expert.

Defendant respectfully submits that any summary witness offered by the Government without the Government qualifying that witness as an expert and without following the disclosure requirements of Rule 16, is limited to introducing Rule 1006 summaries and performing basic math calculations. Any testimony of such an unqualified witness beyond introducing Rule 1006 summaries is plainly inadmissible under the case law, the 2000 amendments to the Federal Rules of Evidence, and the Department of Justice's own published guidelines.

Finally, to the extent the Government intends to have its summary witness summarize the testimony of other witnesses in the case, the defendant submits that such a summary cannot be admitted under Rule 1006 because the summary is not of "voluminous writings, recordings, or photographs" as required by Rule 1006. Such a summary cannot be admitted under any other Rule of Evidence that we are aware of, since the summary would be inadmissible hearsay (Rule 802), not to mention cumulative (Rule 403).

### III.  CONCLUSION

The court should order that the Government's lay summary witness is limited to giving the foundation for the introduction of a Rule 1006 summary chart which chart may include some basic math calculations.

DATED: Beverly Hills, California, March 20, 2015.

STEVEN TOSCHER, ESQ.
KURT KAWAFUCHI, ESQ.
EDWARD M. ROBBINS, JR., ESQ.

HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.


By:   /s/ Steven Toscher.
        STEVEN TOSCHER., ESQ.

Attorneys for Defendant,
ALBERT S. N. HEE