ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 25 2015

at ___ o'clock and 45 min. a M. ___
SUE BEITIA, CLERK

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Chief, Criminal Division

LESLIE E. OSBORNE, JR. #3740
LAWRENCE L. TONG #3040
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALBERT S.N. HEE, )<br><br>Defendant. ) | CR. NO. 14-00826 SOM<br><br>**SECOND SUPERSEDING INDICTMENT**<br><br>[26 U.S.C. § 7212(a)]<br>[26 U.S.C. § 7206(1)] |

SECOND SUPERSEDING INDICTMENT

COUNT 1

(Corrupt Interference With the
Administration of the Internal Revenue Laws)

The Grand Jury charges:

From in or about March 2002 and continuing to the date of this

Indictment, in the District of Hawaii and elsewhere, Defendant ALBERT

S.N. HEE ("Defendant") did corruptly endeavor to obstruct and impede the

due administration of the Internal Revenue laws through the design and

execution of a plan which included (a) the filing of corporate tax returns

which falsely claimed the payment of Defendant's personal expenses as

business expenses, and falsely claimed deductions for capital lease business

expenses which were not paid, and (b) the filing of personal income tax

returns which failed to report as income the receipt of payments of personal

expenses, all as more fully set out below.

Introduction

At all times relevant to this Indictment:

1.      The Internal Revenue Service ("IRS") was an agency of the

United States Department of the Treasury, and was responsible for enforcing

and administering the tax laws of the United States.  Among other things, the

IRS was responsible for ascertaining, computing and calculating taxes due and owing from individual taxpayers and corporations in the United States.

2.      A Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was an IRS form used by individual taxpayers to report their annual income, deductions, credits, and taxes due and owing. All taxpayers were required to file a Form 1040 if their total income in a given year was above a certain threshold.

3.      A Form 1120, U.S. Corporation Income Tax Return ("Form 1120"), was an IRS form used to report the annual income, gains, losses, deductions, and credits of a C corporation. A C corporation was taxed separately from its individual shareholders. All C corporations were required to file a Form 1120, and to make tax payments, on an annual basis.

4.      In or about January 1988, Defendant incorporated and became the sole shareholder of Waimana Enterprises, Inc. ("WEI"). WEI was a C corporation which was required to file Form 1120 tax returns with the IRS.

5.      In or about August 1997, the Defendant incorporated Clearcom Inc. ("CCI"). CCI was a wholly owned subsidiary of WEI, its parent corporation. CCI was a C corporation which was required to file Form 1120 tax returns with the IRS.

2

6.    In or about January 1995, the Defendant incorporated Sandwich Isles Communications Inc. ("SIC").  SIC was wholly owned by WEI, its parent corporation.  SIC was a C corporation which filed Form 1120 tax returns.

7.    WEI's primary business was to provide management services to SIC and CCI, its subsidiary corporations.  SIC's primary business was to build a telecommunications network for the State of Hawaii Department of Hawaiian Homelands ("DHHL"), and to provide associated telecommunications services.  CCI's primary business was to build telecommunications networks for SIC, and to provide associated telecommunications services to non-DHHL customers.

8.    The Board of Water Supply ("BWS") of the City and County of Honolulu provided water to residents and businesses on the island of Oahu. The BWS built, maintained and controlled water pipes and mains throughout Oahu.

The Scheme to Impede and Obstruct the
Administration of the Internal Revenue laws

False Business Deductions for the
Payment Of Defendant's Personal Expenses

9.    Between 2002 and 2012, the Defendant caused WEI to pay approximately $2,750,033.05 of his personal expenses.  Defendant falsely

3

advised WEI employees and outside tax preparers that the payments were for the business expenses of WEI and its subsidiaries, and thereby caused the preparation of false corporate books, records and corporate income tax returns.

10.    The payments made by WEI, and the manner in which they were characterized on WEI's corporate books, included the following:

a.    College tuition payments of $33,523.00 for the Defendant's eldest child, which was falsely characterized as a business expense;

b.    Numerous other payments totaling $718,559.09 for other college tuition and living expenses of Defendant's children, which were falsely characterized as a "loan to shareholder";

c.    Personal massage payments of $92,000.00 for the Defendant, which were falsely characterized as "consulting fees";

d.    Credit card charges at $121,878.87 made by the Defendant for personal expenses, which were falsely characterized as miscellaneous business expenses;

4

     e.      Payments of $722,550.39 to Defendant's three children, which were falsely characterized as "wages," when in truth and fact, the children did little or no work for WEI;

     f.      Payments of $590,201.56 to Defendant's wife, which were falsely characterized as "wages," paid to the Defendant's wife, when in truth and fact, Defendant's wife did no work for WEI;

     g.      Payments of $443,103.64 for health care and retirement benefits for Defendant's wife and three children, which were falsely characterized as employee benefits, when in truth and fact, those individuals did little or no work for WEI; and

     h.      Cash withdrawals of $28,216.50 made by the Defendant, which were falsely characterized as travel and office expenses.

     11.     Defendant caused WEI to characterize the payment of the foregoing personal expenses as business expenses on its corporate books. This characterization in turn caused WEI's return preparers to deduct the expenses as legitimate business expenses on WEI's corporate tax returns. Such improper deductions resulted in the underpayment of corporate taxes of approximately $140,651.00.

     12.     Defendant did not report the receipt of the foregoing payments as income on his personal tax returns for the years 2002 to 2012. The failure

to report such income resulted in the underpayment of personal taxes of approximately $228,894.00.

13.   Defendant failed to document the alleged WEI "loan to shareholder," although being advised to do so on at least two occasions.

14.   Defendant also caused WEI to purchase a house in Santa Clara, California for $1,313,261.34, which was characterized as a "corporate retreat/investment property." In truth, the house was not a corporate retreat, but was used primarily as housing for Defendant's children while attending college, and his children's rental of rooms to others to generate income for their living expenses.

WEI's False Deductions for
Capital Lease Business Expenses

15.   For the years 2002 through 2008, WEI, CCI and SIC each filed Form 1120 corporate tax returns with the IRS.  Beginning in 2009 and continuing through 2012, WEI, CCI and SIC filed consolidated Form 1120 corporate tax returns reporting their income, deductions, credits and taxes due and owing.

16.   Defendant caused WEI, SIC and CCI to claim approximately $28.8 million in false business expenses on corporate tax returns, for purported lease payments that had not been paid, all as more fully set out below.

6

17.     In May 2002, Defendant signed a lease between CCI and the BWS under which CCI obtained the rights to route telephone lines through abandoned water mains.  Under the lease, CCI was required to make total payments of $48.75 million over a period of thirty years, including a guaranteed payment in May 2007 of $5 million, less any licensing and usage fees.  Defendant thereafter subleased CCI's rights to SIC, to permit SIC to use the abandoned water mains for SIC's telephone lines.  SIC was in turn required to make certain payments to CCI for its acquisition of rights under the CCI-BWS lease.

18.     Based on an assumption that CCI would make its guaranteed $5 million payment to BWS in May 2007, the return preparers for CCI and SIC booked the capital lease as a corporate asset, and computed and deducted the depreciation, amortization and lease interest expenses as business expenses on corporate tax returns for the years 2002 through 2007.

19.     On or about August 22, 2005, Defendant signed an amendment to the CCI-BWS lease, extending the due date of CCI's guaranteed $5 million payment from May 2007 to December 2013.  The lease amendment made CCI and SIC's deductions for any depreciation, amortization and lease interest expenses for the period 2002 through 2007

7

false.   Defendant thereafter failed to inform the return preparers of the lease amendment, and no amended tax returns were filed on behalf of CCI or SIC.

20.    Beginning in April 2013, Defendant advised BWS that he disputed CCI's obligation to make the $5 million payment which was due in December 2013.  In or about December 2013, Defendant instructed various employees not to make such a payment.  Defendant thereafter advised BWS that CCI was not obligated to make the guaranteed payment in December 2013.

21.    Between 2002 through 2012, CCI paid licensing and usage fees, but failed to make the balance of the $5 million payment under its lease agreement with BWS.  During that same time period, the tax returns of WEI, SIC and CCI claimed a total of $28.8 million of business deductions for depreciation, amortization and lease interest expenses based upon the assumption that that $5 million guaranteed payment would be made.  In truth and fact, no such payment was made by CCI to the BWS.  The false deductions caused WEI, SIC and CCI to underpay their federal taxes by approximately $3.6 million.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNT 2

### (False Tax Return)

The Grand Jury further charges:

On or about October 1, 2008, in the District of Hawaii, Defendant ALBERT S.N. HEE, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 2007, which was filed with the Internal Revenue Service and was false as to a material matter; verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $183,464.00, whereas the Defendant knew well and believed that his total income was approximately $380,646.00.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 3

### (False Tax Return)

The Grand Jury further charges:

On or about September 17, 2009, in the District of Hawaii, Defendant ALBERT S.N. HEE, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar

year 2008, which was filed with the Internal Revenue Service and was false as to a material matter; verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $186,078.00, whereas the Defendant knew well and believed that his total income was approximately $565,576.00.

All in violation of Title 26, United States Code, Section 7206(1).

<u>COUNT 4</u>

(False Tax Return)

The Grand Jury further charges:

On or about May 21, 2010, in the District of Hawaii, ALBERT S.N. HEE, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 2009, which was filed with the Internal Revenue Service and was false as to a material matter and verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $637,975.00, whereas Defendant

ALBERT S.N. HEE knew well and believed that his total income was approximately $982,179.00.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT 5

(False Tax Return)

The Grand Jury further charges:

On or about October 12, 2011, in the District of Hawaii, Defendant ALBERT S.N. HEE, a resident of Honolulu, Hawaii, did willfully make and subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar year 2010, which was filed with the Internal Revenue Service and was false as to a material matter; verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $495,614.00, whereas Defendant ALBERT S.N. HEE knew well and believed that his total income was approximately $861,598.00.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT 6

(False Tax Return)

The Grand Jury further charges:

On or about August 2, 2012, in the District of Hawaii, Defendant

ALBERT S.N. HEE, a resident of Honolulu, Hawaii, did willfully make and

subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar

year 2011, which was filed with the Internal Revenue Service and was false

as to a material matter; verified by a written declaration that it was made

under the penalties of perjury, which said income tax return he did not

believe to be true and correct as to every material matter in that his income

tax return reported total income in the amount of $327,744.00, whereas the

Defendant knew well and believed that his total income was approximately

$628,648.00.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT 7

(False Tax Return)

The Grand Jury further charges:

On or about October 8, 2013, in the District of Hawaii, Defendant

ALBERT S.N. HEE, a resident of Honolulu, Hawaii, did willfully make and

subscribe a Form 1040 U.S. Individual Income Tax Return for the calendar

12

year 2012, which was filed with the Internal Revenue Service and was false as to a material matter; verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to every material matter in that his income tax return reported total income in the amount of $1,353,217.00, whereas the Defendant knew well and believed that his total income was approximately $1,624,561.00.

All in violation of Title 26, United States Code, Section 7206(1).

DATED:  March 25, 2015, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Chief, Criminal Division

LAWRENCE L. TONG
Assistant U.S. Attorney

United States v. Albert S.N. Hee
Cr. No. 14-00826 SOM
"Second Superseding Indictment"

13