FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Chief, Criminal Division
LAWRENCE L. TONG #3040
Assistant U.S. Attorney
QUINN P. HARRINGTON
Trial Attorney – Tax Division
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Blvd Ste 6100
Honolulu, HI 96850
(808) 541-2850
Email: Les.Osborne@usdoj.gov
Email: Larry.Tong@usdoj.gov
Email: Quinn.P.Harrington@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 14-00826 SOM |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT ALBERT S.N. HEE'S |
| vs. | ) | APPEAL AND REQUEST TO THE |
| | ) | DISTRICT COURT TO RECONSIDER |
| ALBERT S.N. HEE, | ) | A PRETRIAL MATTER DETERMINED |
| | ) | BY THE MAGISTRATE JUDGE; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |

12686762.2

GOVERNMENT'S OPPOSITION TO DEFENDANT ALBERT S.N. HEE'S APPEAL AND REQUEST TO THE DISTRICT COURT TO RECONSIDER A PRETRIAL MATTER DETERMINED BY THE MAGISTRATE JUDGE

The United States of America, by and through its attorneys, Florence Nakakuni, United States Attorney for the District of Hawaii, Leslie E. Osborne, Jr. and Lawrence Tong, Assistant United States Attorneys for the District of Hawaii, and Quinn P. Harrington, Trial Attorney for the Tax Division of the United States Department of Justice, hereby files its opposition to Defendant Albert Hee's Appeal and Request to the District Court to Reconsider his prior motion for a bill of particulars. Doc. 78. The United States respectfully requests that the Court deny Defendant's request. The United States hereby incorporates its initial opposition to Defendant's motion for a bill of particulars, Doc. 61, and sets forth the following in response to Defendant's appeal.

A. Background

The second superseding indictment plainly sets forth the charges against Defendant and the Government's theory of prosecution. As alleged in the indictment, "Defendant caused [his company] to pay approximately $2,750,033.05 of his personal expenses," and Defendant instructed "employees and outside tax preparers that the payments were for the business expenses of [his companies]." Doc. 55, p. 5. In addition to taking business deductions for personal expenses,

2

Defendant caused his companies to claim false deductions based on the contractual value of lease payments that he directed his companies not to pay. Doc. 55, p. 4, 7.

Defendant's initial motion for a bill of particulars, filed along with several other motions that have been denied by this Court, Doc. 81, requested "all underlying facts" for essentially every substantive paragraph in the indictment. Doc. 41. For example, Defendant requested that the Government explain why "personal massage payment[s] totaling $92,000 . . . [are] personal expenses of Mr. Hee." Doc. 41, p. 3. Magistrate Judge Puglisi denied Defendant's motion, and Defendant filed this request for appeal and reconsideration.

B.  Legal Standard

A district court defers to a magistrate judge's nondispositive order unless it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also Illinois Nat. Ins. Co. v. Nordic PLC Const., Inc.*, No. CIV. 11-00515 SOM, 2013 WL 1337007, at *1 (D. Haw. Mar. 28, 2013). "A magistrate judge's nondispositive order is 'contrary to law' when the magistrate judge fails to consider an element of the applicable legal standard.'" *Id.* (quoting *Durham v. Cnty. of Maui*, 742 F. Supp. 2d 1121, 1127 (D. Haw. 2010)).

The court has broad discretion in considering a motion for a bill of particulars. "To deny or grant a bill and the extent thereof rests in the sound discretion of the trial court and its decision will not be disturbed absent an abuse of

3

discretion." *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973) (citing *Wong Tai v. United States*, 273 U.S. 77 (1927); *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960)). "The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow a defendant to prepare a defense." *United States v. Miguel*, No. CR 10-00527, 2010 WL 3528984, at *2-3 (D. Haw. Sept. 9, 2010) (citing *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984)). "[G]eneralized discovery is not a proper purpose in seeking a bill of particulars." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (dismissing defendant's contention that he was entitled to "identities and addresses of unindicted co-conspirators, dates and locations of alleged acts in furtherance of the conspiracy").

    C.  Argument

    The question before the Court is whether Magistrate Judge Puglisi's exercise of his discretion to deny Defendant's request for a bill of particulars was clearly erroneous or contrary to law. Magistrate Judge Puglisi's order was neither. The purpose of a bill of particulars is to provide sufficient information on the nature of the charges and to minimize the danger of surprise at trial. The Government's detailed indictment provides more than sufficient information on the nature of the charges in this case. Further, as acknowledged by Defendant, the United States has provided extensive discovery in this case, and Defendant is not at risk of unfair

4

surprise. Moreover, most of the relevant documents in this case were obtained through subpoenas upon Defendant's companies. In other words, there is little risk of Defendant being surprised at trial by his own business records. Defendant claims to be "seeking only the information necessary to understand the Government's theory." Doc. 78-1, p. 15. Defendant has that information through the indictment as well as the discovery in this case. Defendant's requests are more akin to requests for early disclosure of the Government's trial exhibits and evidence at trial, but defendant is not entitled to early disclosure of that material in the form of a bill of particulars and will receive exhibit and witness lists according to this Court's deadlines.

    1.   The Indictment Provides Information on the Nature of the Charges to Allow Defendant to Prepare a Defense

The second superseding indictment in this case is no mere recitation of statutory language. Instead, the indictment sets forth the charges in this case with specificity. The indictment puts Defendant on notice of the Government's theory, and Defendant is not entitled to a specific listing of all of the evidence that the Government intends to use at trial. *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.").

The second superseding indictment sets forth a scheme perpetuated by Defendant to corruptly interfere with the administration of income tax in violation

5

of 26 U.S.C. § 7212(a). First, Defendant created false business deductions to pay his personal expenses. Doc. 55, p. 4. The indictment provides specific personal expenses of defendant that were deducted as business expenses. For example, Defendant falsely characterized $92,000 worth of his personal massages as "consulting fees" and paid wages and extensive employee benefits to his children and his wife as "employees" even though those family members did little to no work for his companies. Doc. 55, p.4- 6. As the indictment alleges, Defendant caused his business entities to claim those personal expenses on its corporate books and that characterization caused return preparers to claim those expenses as business expenses and take the corresponding tax deductions. Doc. 55, p. 5. Further, Defendant did not report the receipt of the value of those personal benefits on his personal income tax returns for the years 2002-2012, which resulted in underpayment of his personal taxes. Doc. 55, p. 6-7.

Second, Defendant's scheme involved business deductions associated with a lease with the Board of Water Supply. As alleged in the indictment, that lease was valued based on the total contract value of the lease that included a guaranteed payment in May 2007 of $5 million. Doc. 55, p. 8. Defendant intentionally delayed that payment to December 2013 but did not notify his accountants or make tax adjustments; further, in December of 2013, Defendant instructed his employees not to make the $5 million dollar payment as required under the contract. Doc. 55, p. 8.

12686762.2

Defendant nonetheless caused his company to take business deductions as though the payment had been made. Doc. 55, p. 8.

In addition to the charges under § 7212(a), the second superseding indictment charges Defendant with filing false income tax returns. As noted in the United States' response to Defendant's initial motion for a bill of particulars, Doc. 61, the false return charges are based on the underreporting of income on his personal income tax returns as a result of the personal expenses paid by his companies on his behalf, as described in detail in the § 7212(a) charge. Further, the Government provided Defendant with the theory of the Government's case, specific item method of proof, in its initial response to Defendant's motion for a bill of particulars.

The second superseding indictment in this case sets forth the charges against Defendant with great specificity. The details of the indictment obviate the risk of surprise at trial and allow Defendant to fully prepare his defense.

> 2.   The Government's Disclosure of Discovery in this Case Negates the Risk of Surprise at Trial and Further Allows Defendant to Prepare His Defense

In this case, the Government has provided extensive discovery. Although Defendant initially moved for additional discovery, Defendant has now abandoned that motion on this appeal and acknowledges receiving expansive discovery in this case. The Government has provided a significant amount of data including tax

7

return preparer records, credit card and bank records for defendant and his children, college records, and Board of Water Supply Records as well as civil audit files of IRS Revenue Agents. Doc. 64, p. 4. It is worth emphasizing that a significant number of the relevant documents are records from Defendant's own companies, records that Defendant's current counsel collected and provided in response to grand jury subpoenas. Defendant's counsel was in possession of the business records before the United States received them. Defendant acknowledges as much in his appeal, noting that Defendant "has copies of the corporation's records of its business expenses" over the relevant time period. Doc. 78-1, p. 2-3.

Rather than simply providing a "data dump" of documents, the Government provided a detailed spreadsheet listing the items included on a hard drive provided to Defendant along with a detailed letter explaining the discovery provided. Doc. 64-4. With that information, Defendant is put on notice of the evidence at issue in this case and can adequately prepare his defense.

Defendant argues that the Government's disclosure is insufficient to put Defendant on notice of the relevant charges because it will be too difficult for Defendant to determine which credit card expenses are personal and part of the Government's case.[1] The second superseding indictment charges Defendant with

---

[1] Defendant also contends that the Government does not understand the relevant tax law based upon his previous motions. Defendant's contention regarding the Government's understanding of the tax law is without merit and his

8

engaging in a corrupt endeavor to impede the IRS with a scheme to characterize his personal expenses as business expenses. The credit card charges are part of Defendant's conduct that constituted that corruption.

Further, the business records of Defendant, that were and are in his possession and were also provided in discovery by the Government, contain detailed reimbursement records that make the nature of the charges against Defendant clear. *E.g.* "WEI – Albert HEE Reimbursement records – 2003 to 2010," Doc. 64-4, p. 4. By way of example to illustrate to the Court the nature of the documents in the possession of Defendant, and not exclusive of the potential evidence in this case, Defendant is in possession of the various business records showing payments by Waimana Enterprises to pay Mr. Hee's personal credit card balances. These payments were made based on Defendant's request and authorization of reimbursements for those expenses.

For example, bates range WEI_05_00003792 through WEI_05_00003832 is a series of documents obtained from Waimana Enterprises containing reimbursement requests for a July statement. That range includes handwritten notes on Defendant's credit card statement in which he categorizes expenses for reimbursement. One expense is accompanied by a memoranda authored by

---

motion to dismiss the case on that basis has already been denied by this Court. *See* Doc 81.

12686762.2

Defendant that falsely states that a trip to Disneyworld by Defendant's two daughters is a legitimate business expense. Defendant categorized those charges on the credit card statement, consisting of approximately $7,000 of lodging at Disneyworld and hundreds of dollars of other expenses at that resort, as "travel" expenses for Waimana Enterprises. The above example is provided merely to illustrate to the Court the content of the documents in Defendant's possession. It is not exclusive of the Government's evidence that may be presented at trial. There is no mystery as to the charges against Defendant.

Defendant's fear of surprise at trial regarding the affirmative acts of obstruction in this case is misplaced as well. Defendant has the various Revenue Agent Audit files and has received Rule 16 disclosures of statements by Mr. Hee that will be used at trial. As an example, and not exclusive of evidence in this case, Defendant's counsel referred in a previous filing to a Revenue Agent Report that he received in discovery that, in Defendant's counsel's own words, "itemizes dozens of affirmative acts by Mr. Hee." Doc. 68, p. 2. Again, by way of example, one of those items in discovery includes a statement by Mr. Hee in which he attempted to justify payments for his personal body massages as legitimate "consulting" expenses to the IRS during his civil audit.[2]

---

[2] Defendant's concern about potentially raising a statute of limitations is similarly misplaced. The indictment itself provides dates of some affirmative acts,

10

### 3. Defendant's Other Contentions Are Without Merit

An argument similar to the Defendant's was rejected by the Ninth Circuit in *Remmer v. United States*, 205 F.2d 277 (9th Cir. 1953), *vacated on other grounds*, 347 U.S. 227 (1954). In that case, a defendant, through a bill of particulars sought "the source or sources of his alleged net income, the item or items making up his alleged net income, and the method or methods by which the Government computed his alleged net income." *Id.* at 281. The Ninth Circuit upheld denial of the bill of particulars, holding that "[t]he most to which appellant was entitled prior to trial was disclosure of the theory of the Government's case," which, in that case, was the net worth theory. *Id.* at 282. Defendant attempts to distinguish that case because it was a net worth case while this case is a specific item case, however, Defendant's argument misses the holding in *Remmer*. The Ninth Circuit held that the Government need only disclose the theory, not that disclosure was unnecessary because of the particular theory at issue.

Defendant's appeal also relies in large part upon a 1932 decision from the Third Circuit. Doc. 78-1, p. 9. Defendant quotes form that case, but his quotation uses ellipses to omit a crucial aspect of that case that formed the basis of the Third Circuit's opinion. Doc. 78-1, p. 10. What Defendant omits is the fact that the

---

including Defendant's instructions not to make payments to the Board of Water Supply in December of 2013. Doc. 55, p. 9.

defendant "was refused permission to inspect the books" that formed the foundation of the Government's calculation of income in that case. *Singer v. United States*, 58 F.2d 74, 76 (3rd Cir. 1932). The Third Circuit undoubtedly relied on the government's refusal to allow the defendant to inspect relevant and essential books and records in reaching its decision. *Id.* ("It is evident that, since the defendant was refused a bill of particulars, showing what constituted these large items of net income, *and was refused permission to inspect the books* . . . he could not properly prepare his defense . . . ." (emphasis added)). No such danger exists in this case in which Defendant has received extensive discovery and has admitted to having access to the relevant books and records of the companies.

Defendant's request for a bill of particulars resembles an overly broad request for civil discovery. A bill of particulars is not a tool for additional discovery or for a preview of the Government's evidence at trial. *See United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) ("[A bill of particulars] is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."). As noted above, a bill of particulars is used to minimize the danger of surprise at trial and to adequately explain the nature of the charges against defendant to allow preparation for a defense. The indictment in this case sets forth the nature of the charges against Defendant with particularity,

12

explains the nature of the charges against Defendant, and minimizes the danger of surprise at trial.

D.  Conclusion

Magistrate Judge Puglisi's order denying the motion for a bill of particulars was not clearly erroneous or contrary to law.  The United States respectfully requests that the Court deny Defendant's appeal.

DATED:  May 8th, 2015, in Washington, DC.

    Respectfully submitted,

    FLORENCE T. NAKAKUNI
    United States Attorney
    District of Hawaii


    By /s/ Quinn P. Harrington
      LESLIE E. OSBORNE, JR.
      LAWRENCE L. TONG
      Assistant U.S. Attorneys
      QUINN P. HARRINGTON
      Trial Attorney - Tax Division

      Attorneys for Plaintiff
      UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, the true and correct copy of the foregoing was served on the following at his last known address:

Served electronically through CM/ECF:

STEVEN TOSCHER, ESQ.
toscher@taxlitigator.com

EDWARD M. ROBBINS, ESQ.
robbins@taxlitigator.com

KURT KAWAFUCHI, ESQ.
kawafuchi@taxlitigator.com

Attorneys for Defendant
ALBERT HEE

DATED: May 8, 2015, in Washington, DC.

/s/ Quinn P. Harrington
Trial Attorney
U.S. Department of Justice
Tax Division

12686762.2