STEVEN TOSCHER, ESQ. (CA SBN 91115)
EDWARD M. ROBBINS, ESQ. (HI Bar No. 8314)
KURT KAWAFUCHI, ESQ. (HI Bar No. 4341)
HOCHMAN, SALKIN, RETTIG, TOSCHER & PEREZ, P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California  90212-3414
Telephone:  (310) 281-3200
Facsimile:   (310) 859-1430
E-mail:       toscher@taxlitigator.com
                  robbins@taxlitigator.com
                  kawafuchi@taxlitigator.com

Attorneys for Defendant
ALBERT S. N. HEE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>ALBERT S. N. HEE,<br><br>    Defendant. | **CR NO.  14-00826-SOM**<br><br>DEFENDANT ALBERT S. N. HEE'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO THE BOARD OF WATER SUPPLY LEASE AMENDMENT AND LEASE DISPUTE<br><br>TRIAL: June 16, 2015<br>TIME:   9:00 a.m. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Albert S. N. Hee respectfully requests that the Government be precluded from introducing evidence of (1) the Defendant's failure to disclose the amendment to the ClearCom, Inc./Board of Water Supply lease to the accountants of ClearCom, Inc. ("CCI") or Sandwich Isles Communications, Inc. ("SIC"), (2) the Defendant's dispute in 2013 with the Board of Water Supply relating to the terms of the lease and payment thereunder, and (3) the tax loss that the Government alleges results from these events.  This motion is brought on the grounds of Rules 401, 402 and 403 of the Federal Rule of Evidence, because such information is not relevant and in all events is prejudicial.  Offering evidence of millions of dollars of tax loss on a theory that has no legal support will only tend to inflame and prejudice the jury and should not be permitted.

I.      Introduction

On March 25, 2015, the Government filed its Second Superseding Indictment.  In the Second Superseding Indictment, the counts and criminal statutes charged did not change, but the Government added new allegations under the heading "WEI's False Deductions for Capital Lease Business Expenses," which increased the alleged tax loss approximately tenfold, from $369,545[1] to roughly $4

---

[1] The alleged tax loss relating to the personal expense allegations in Count 1 of the Indictment decreased from approximately $566,000 to $369,545 in the Second Superseding Indictment, as a

million. The Government alleges that the Defendant supposedly caused $28.8 million in false depreciation, amortization and lease interest expenses based on the Government's perceived change in the tax basis of a license agreement (described as a lease in the Second Superseding Indictment) between the Board of Water Supply and CCI (the "BWS Lease")—an entirely new theory of tax loss now accounting for approximately 85% of the tax loss alleged in the Second Superseding Indictment. The Government contends that this alleged conduct violated Section 7212(a) of the Internal Revenue Code, which makes it an offense to "corruptly…obstruct[] or impede[], or endeavor[] to obstruct or impede, the due administration of this title."

The Government fails to identify in either the Indictment or in any subsequent filing with the Court any legal basis for the alleged tax loss relating to the BWS Lease. Defendant previously moved to strike Paragraphs 15 through 21 of the Second Superseding Indictment on the grounds of legal insufficiency, in a motion filed on April 3, 2015 (Doc. No. 65). In its Opposition filed April 8, 2015 (Doc. No. 70), the Government did not come forward with any legal basis to support its allegations, instead asserting that the Defendant's conduct "rendered false" prior deductions that had been taken. There is no foundation in the Internal

---

result of the Government's removal of the Santa Clara house purchase from the dividend computation following Defendant's Motion to Strike filed March 20, 2015 (Doc. No. 46).

3

Revenue Code, Treasury Regulations, or case law for a subsequent event to cause a previously filed tax return to be "rendered false" and, as a result, the Government's alleged tax loss is unsupported by the tax laws. While the Court denied the Defendant's motion to strike these allegations (Doc. No. 81), the Defendant now brings this motion to exclude evidence relating to these allegations, because such evidence is not relevant under Rule 401 and any probative value of such evidence would be substantially outweighed by a danger of unfair prejudice and misleading the jury.

II.   Argument

      a. There Is No Tax Loss Resulting from the Conduct Alleged by the Government Relating to the Board of Water Supply Lease

The $3.6 million tax loss alleged by the Government relates to the corporate income tax returns of CCI and SIC, corporations that are both accrual basis taxpayers. Section 461 of the Internal Revenue Code sets for the general rule for the taxable year of deduction, which states that the "amount of any deduction or credit allowed by this subtitle shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income." IRC § 461(a). For accrual method taxpayers, a deduction is allowed when the all events test is met. Treas. Reg. § 1.461-1(a)(2)(i).

The all events test is met when (1) all event have occurred that establish the fact of the liability, (2) the amount of the liability can be determined with reasonable accuracy, and (3) economic performance has occurred with respect to the liability. *Id.*; IRC § 461(h)(1), (4). Under Treasury Regulation Section 1.461-4(d)(3), economic performance occurs for liabilities arising out of the use of property "ratably over the period of time the taxpayer is entitled to the use of the property." The Government's allegations relate only to the *timing* of the payment of the liability, which is not relevant to the deductibility of the liability.

The Government's allegation that the extension of the guaranteed $5 million payment under the lease had an effect on the tax treatment of the BWS Lease is unsupported by the tax laws and, further, there is no support for the Government's argument that a tax return can retroactively become false and create a tax loss based on an event that occurred in a subsequent tax year.

    b. <u>Evidence of the Defendant's Conduct Relating to the BWS Lease Should be Excluded Under Rules 401 and 402 of the Federal Rules of Evidence</u>

The Government alleges that the Defendant's conduct relating to the BWS Lease supports its charge that the Defendant violated Internal Revenue Code Section 7212(a), by corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue laws. Evidence of the Defendant's conduct relating to the BWS Lease does not make any fact of consequence to that charge

5

more or less likely, because the Government's theory of the tax law underpinning such allegations is incorrect. First, any act of the Defendant related to this issue cannot have been performed "corruptly," because any advantage or benefit the Defendant may have been trying to secure could not be "unlawful." *See United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996). Second, such conduct could not "obstruct or impede" the Internal Revenue laws, because the alleged conduct has no relevance to the tax treatment of the BWS Lease and could not result in a tax loss. Accordingly, the Government's allegations relating to the BWS Lease should be excluded under Rules 401 and 402 of the Federal Rules of Evidence.

      c. <u>In the Alternative, Evidence of the Defendant's Conduct Relating to the BWS Lease Should Be Excluded Under Rule 403</u>

Even if evidence of the Defendant's conduct relating to the BWS Lease and the alleged tax loss is relevant, such evidence should be excluded under Rule 403, because any probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury.

The Government has alleged a tax loss of $3.6 million relating to the BWS Lease, which is substantially greater than the alleged tax loss relating to the Government's other allegations in the Second Superseding Indictment— comprising 85% of the total tax loss alleged in the Second Superseding Indictment.

With no tax law supporting the Government's allegations, the purpose of the BWS Lease allegations becomes clear: The alleged $4 million tax loss is intended to be inflammatory, unfairly prejudicing the jury against Mr. Hee.

Such evidence also risks misleading the jury, because the jury will be led to believe that the lease amendment changing the due date of the $5 million guaranteed payment or the lease dispute that arose in 2013 created a tax loss in the years charged in the Section 7212(a) count. This is a technical tax issue and a jury will not be equipped to discern the error in the Government's alleged $3.6 million tax loss.

III.  Conclusion

For the foregoing reasons, the Defendant's motion in limine should be granted.

DATED: Beverly Hills, California, May 27, 2015.

STEVEN TOSCHER, ESQ.
KURT KAWAFUCHI, ESQ.
EDWARD M. ROBBINS, JR., ESQ.

HOCHMAN, SALKIN, RETTIG,
TOSCHER & PEREZ, P.C.

By:  /s/ Steven Toscher.
STEVEN TOSCHER., ESQ.

Attorneys for Defendant,
ALBERT S. N. HEE

6432154_1