```
IN THE UNITED STATES DISTRICT COURT

       FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,   )   Cr. No. 14-00826 SOM
                            )
        Plaintiff,          )   ORDER AFFIRMING MAGISTRATE
                            )   JUDGE ORDER THAT DENIED
   vs.                      )   REQUEST FOR BILL OF
                            )   PARTICULARS
                            )
ALBERT HEE,                 )
                            )
        Defendant.          )
_____)
```

**ORDER AFFIRMING MAGISTRATE JUDGE ORDER THAT
DENIED REQUEST FOR BILL OF PARTICULARS**

**I.      INTRODUCTION.**

This case arises out of the Internal Revenue Service's investigation of Defendant Albert Hee and his companies, Waimana Enterprises, Inc., Clearcom, Inc., and Sandwich Isles Communications, Inc. In the Second Superseding Indictment filed on March 25, 2015, Hee is charged with corrupt interference with the administration of Internal Revenue laws in violation of 26 U.S.C. § 7212(a) and with six counts of filing false tax returns in violation of 26 U.S.C. § 7206(1).

On March 11, 2015, Hee moved for a bill of particulars. Magistrate Judge Richard L. Puglisi orally denied the motion at a hearing held on April 13, 2015. Hee appealed that denial. This court affirms.

**II.     STANDARD.**

Under Criminal Local Rule 57.3(b) and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law." See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991). The threshold of the "clearly erroneous" test is high. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). When reviewing a magistrate judge's decision, a district judge may not simply substitute his or her judgment for that of the magistrate judge. See Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

**III.    THE MOTION FOR BILL OF PARTICULARS IS DENIED.**

Hee seeks a bill of particulars, which is appropriate when a defendant requires clarification of an indictment in order to prepare a defense. United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985). United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); see also Fed. R. Crim. P. 7(f). A bill of particulars is designed to apprise the defendant of the specific

charges being presented to minimize the danger of surprise at trial, to aid in preparation for court proceedings, and to protect against double jeopardy.  Long, 706 F.2d at 1054; accord United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1985). Defendants are not entitled to know all the evidence that the Government intends to produce at trial, only the theory of the Government's case.  United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979).  In determining whether a bill of particulars should be ordered in a specific case, courts consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Full discovery will obviate the need for a bill of particulars. United States v. Mitchell, 744 F.2d 701, 705 (1984); Long, 706 F.2d at 1054.

At the hearing on April 13, 2015, Magistrate Judge Puglisi stated that Hee's motion for bill of particulars was really focused on getting discovery.  This court agrees.

Hee asked for items covering six pages in a manner reminiscent of a civil discovery request.  For example, he asked, "For the alleged $722,550.39 of false wages paid to Mr. Hee's children, specify the amount, date, and recipient of the wages that comprise the $722,550.39 allegation, the way in which the Government contends these wages to be false, the way in which the Government contends these wages to be personal expenses of Mr.

3

Hee, and all underlying facts." ECF No. 41, PageID # 161. Hee also asked, "For the alleged $121,878.87 of personal credit card charges by the defendant, specify the amount and date of each charge at issue and the credit card on which the charge was made, the way in which the Government contends these charges to be personal expenses of Mr. Hee, and all underlying facts." Id.

Hee also asked the Government to explain why certain expenses were of a personal nature. He asked, for example: "Specify the way in which the Government contends the alleged $33,523.00 payment of college tuition to be a personal expense of Mr. Hee and all underlying facts." He also asked: "Specify the date and amount of each alleged personal massage payment totaling $92,000, the way in which the Government contends these payments to be personal expenses of Mr. Hee, and all underlying facts." ECF No. 41, PageID # 161-62. The nature of these requests for the Government to explain why Hee's massages and tuition payments for his children are personal expenses cast doubt on Hee's contention that he is unable to discern the bases of the charges against him.

Hee does not contest the Government's representation that it has provided complete discovery as to the charges. Hee instead argues, for example, that he cannot tell which of the credit card charges are included in the $121,878.87 that the Government says was used for personal expenses. Hee does not

4

demonstrate that the Second Superseding Indictment needs clarification and instead appears only to be seeking additional discovery notwithstanding the full discovery the Government says it has provided.  Because Hee fails to demonstrate that he has not been adequately apprised of the charges against him, and because no showing of inadequate disclosures has been made, Hee fails to demonstrate that Magistrate Judge Puglisi's denial of Hee's request for a bill of particulars was clearly erroneous or contrary to law.  Hee does not even attempt to make such a showing, arguing instead that this judge should simply "reconsider" the Magistrate Judge's order.  This judge will not reconsider the Magistrate Judge's ruling without a showing that it was clearly erroneous or contrary to law.  Accordingly, the order denying a bill of particulars is affirmed.

**IV.     CONCLUSION.**

The court affirms the Magistrate Judge's order denying a bill of particulars.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 28, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Albert S.N. Hee, Crim. No. 14-00826 SOM; ORDER AFFIRMING MAGISTRATE JUDGE ORDER THAT DENIED REQUEST FOR BILL OF PARTICULARS

5