IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALBERT S.N. HEE, | ) | Civ. No. 18-00104 SOM-RLP |
| | ) | Cr. No. 14-00826 SOM |
| Petitioner, | ) | |
| | ) | ORDER DENYING HEE'S MOTION |
| vs. | ) | UNDER 28 U.S.C. § 2255 TO |
| | ) | VACATE, SET ASIDE, OR CORRECT |
| UNITED STATES OF AMERICA, | ) | SENTENCE |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING HEE'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.        INTRODUCTION.

Petitioner Albert Hee was convicted of having
corruptly interfered with the administration of Internal Revenue
Service ("IRS") laws in violation of 26 U.S.C. § 7212(a) and of
six counts of having filed false tax returns in violation of 26
U.S.C. § 7206(1).  The evidence at trial established that Hee
had characterized millions of dollars in personal expenses as
business expenses incurred by his company, Waimana Enterprises,
Inc. ("Waimana").  He is currently serving a sentence of 46
months imprisonment.

Hee, proceeding *pro se*,[1] now seeks to vacate, set
aside, or correct his sentence under 28 U.S.C. § 2255.  He
argues that the IRS fabricated evidence to support a criminal
investigation of him and that the U.S. Attorney's Office for the
District of Hawaii ("Government") suppressed exculpatory

_____

[1] Hee was represented by counsel at trial and on appeal.

evidence.  He also argues that his trial attorneys provided ineffective assistance of counsel by failing to review documents prior to trial and by failing to preserve certain evidentiary objections during trial.

This court denies Hee's petition without an evidentiary hearing, concluding that Hee's claims were already addressed on appeal or that the record establishes that they lack merit.

## II.      BACKGROUND.

Three indictments were filed in this case.  The first indictment, filed on September 17, 2014, charged Hee with one count of willfully filing a false tax return in violation of 26 U.S.C. § 7206.  *See* ECF No. 1.  The Superseding Indictment, filed on December 17, 2014, added five more counts for the filing of false tax returns, and one count alleging corrupt interference with the administration of IRS laws in violation of 26 U.S.C. § 7212(a).  *See* ECF No. 14.  The Superseding Indictment also introduced allegations that Hee had failed to properly report Waimana's payment of $1,313,261.34 for a Santa Clara house as personal income, and that he had falsely declared Waimana's payment of $718,559.09 for his children's college tuition and expenses as a "loan to shareholder."  *Id*., PageID # 48.

In the Second Superseding Indictment, filed on March 25, 2015, the Government omitted the allegation that the entire purchase price of the Santa Clara house should be deemed income to Hee. *See* ECF No. 56. Instead, the indictment alleged that Hee's use of Waimana to purchase the house was part of Hee's interference with the IRS's computation of his income and tax liability. *See id.*, PageID # 393.

Trial commenced on June 23, 2015. *See* ECF Nos. 178-82, 189-95. Trial evidence established that, between 2002 and 2012, Hee used Waimana to pay millions of dollars in personal expenses, including personal massages, college tuition for his children, living expenses for his children, and credit card charges such as those for family vacations to France, Switzerland, Tahiti, Disney World, and the Mauna Lani resort. Hee also had Waimana pay salaries and benefits to his wife and children, even while his children were full-time students doing no work for the company. And although Hee claimed that he purchased the Santa Clara house as an investment by Waimana, Hee's son and daughter lived in the house while attending college and rented out rooms to classmates without submitting the rent proceeds to Waimana. Waimana wrongfully deducted the expenses on corporate tax returns, and Hee failed to report the receipt of any rental income on his personal tax returns. After

an eleven-day trial, the jury returned a verdict of guilty beyond a reasonable doubt on all counts. *See* ECF No. 196.

This court sentenced Hee to (1) 36 months for six counts of filing false tax returns and a consecutive 10 months for one count of corrupt interference with the administration of IRS laws, for a total sentence of 46 months; (2) supervised release of one year as to the seven counts, with all terms to run concurrently; (3) a fine of $10,000.00 to be paid within 14 days of sentencing; (4) restitution of $431,793.00; and (5) a special assessment of $700.00 ($100.00 as to each of the seven counts). *See* ECF No. 242.

Hee appealed. On March 14, 2017, the Ninth Circuit filed a memorandum opinion affirming the judgment. *See United States v. Hee*, 681 F. App'x 650 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 268 (2017). Hee timely filed the present § 2255 petition on March 16, 2018.

III.     **STANDARD OF REVIEW.**

Under 28 U.S.C. § 2255, a federal prisoner may file a petition challenging the imposition or length of his or her sentence on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is

4

otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

To obtain relief from a conviction under § 2255, a petitioner

must demonstrate that an error of constitutional magnitude had a

substantial and injurious effect on the jury's verdict. *See*

*Brecht v. Abrahamso*n, 507 U.S. 619, 637-38 (1993).

A petitioner must file a § 2255 motion within one year

from the latest of four dates: (1) when the judgment of

conviction becomes final; (2) when the impediment to making a

motion created by governmental action in violation of the

Constitution or laws of the United States is removed, if the

movant was prevented from making a motion by such governmental

action; (3) when the right asserted is initially recognized by

the Supreme Court, if that right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on

collateral review; and (4) when the facts supporting the claim

or claims presented could have been discovered through the

exercise of due diligence. 28 U.S.C. § 2255(f).

A § 2255 petition cannot be based on a claim that has

already been disposed of by the underlying criminal judgment and

ensuing appeal. *See Olney v. United States*, 433 F.2d 161, 162

(9th Cir. 1970) ("Having raised this point unsuccessfully on

direct appeal, appellant cannot now seek to relitigate it as

part of a petition under § 2255.").

Even when a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if the issue could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982) ("[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."). To show "actual prejudice," a § 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170.

A judge may dismiss a § 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings For The United States District Courts. A court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous" or if the issues can be conclusively

decided on the basis of the evidence in the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

IV.     **ANALYSIS.**

The vast majority of Hee's § 2255 petition relates to the IRS's alleged fabrication of evidence and the Government's alleged suppression of exculpatory evidence. *See* ECF No. 268-2, PageID #s 5681-5712. These arguments were thoroughly litigated before this court and on appeal to the Ninth Circuit. Hee's ineffective assistance of counsel claims are new, but he fails to demonstrate that his trial attorneys were deficient in their representation of him or that he suffered any prejudice. *See id.* at 5712-16. Finding no bases supporting the requested relief, this court denies Hee's § 2255 petition.

**A.    Hee's Claim that the IRS Fabricated Evidence Was Disposed of on Appeal.**

In his § 2255 petition, Hee argues that IRS Revenue Agent Crystal Carey "fabricated evidence" to "contrive[] a criminal trial from a civil tax audit." ECF No. 268-2, PageID # 5681. Hee identifies the following "fabricated evidence" from Carey's testimony at trial:

(1) Carey's false depiction of my initial
interview to make it appear I was being
deceptive; (2) Carey's fabrication of a
statement attributed to independent CPA
Chinaka ("Chinaka") that I "would rather
play the odds of being audited" to show
deceptiveness; and (3) Carey's fabrication
of a "threat" I made that was told to her
by CPA Yee ("Yee").

*Id.* at 5683.  Hee argues that "Carey's fabricated statements, as

recorded on official forms, are the basis upon which the [Fraud

Technical Adviser[2]] referred the civil tax audits for criminal

investigation which resulted in the loss of my liberty and

property."  *Id.* at 5687 (footnote omitted).  These arguments

were all made to this court and in Hee's appeal to the Ninth

Circuit.

Prior to trial, on March 23, 2015, Hee filed a motion

to dismiss the entire case "because of the government's

institutional bad faith in the investigation of this case," or,

in the alternative, for an order suppressing evidence collected

by Carey.  ECF No. 50-1, PageID # 304.  Hee argued that the

IRS's Internal Revenue Manual "advised Agent Carey how to

conduct a secret criminal investigation" and was "evidence of a

calculated effort by the IRS to instruct its agents how to

deceive taxpayers into thinking they are facing a routine civil

tax examination when they are facing a criminal tax fraud

---

[2] Fraud Technical Advisors assist in fraud investigations and
offer advice on matters concerning tax fraud.  Internal Revenue
Manual ("IRM") § 25.1.1.1(7).

investigation." *See id.* at 315. This court denied the motion, determining that "Hee appears to be raising a general challenge to IRS procedures rather than one to the agent's individual actions." ECF No. 81, PageID # 622.

In his motion for new trial filed on August 26, 2015, Hee sought a new trial based on "new evidence." *See* ECF No. 198. This evidence is the same allegedly fabricated evidence Hee relies on in his § 2255 petition: (1) Carey mischaracterized Hee's statements about the payments to masseuse Diane Doll; (2) Carey falsely reported that one of Hee's accountants, David Chinaka, said Hee "would rather play the odds of being audited" than keep receipts; and (3) Carey falsely implied that accountant Alan Yee had conveyed a "threat" by advising Carey not to meet with Hee alone because he was "frustrated" with the audit. ECF No. 198-1, PageID #s 3525-30. Hee attached to his motion for new trial a declaration from Chinaka, denying making the "playing the odds" statement, and one from Yee, denying making a threat. *See* ECF Nos. 198-4, 198-6. Hee further argued in seeking a new trial that a Carey Activity Report ("AR")[3] of the Waimana audit demonstrated that Carey had sufficient indicia of fraud to justify a criminal referral by August 5, 2009. ECF No. 198-1, Page ID #s 3534-35, 5343-45. This court denied the motion for new trial, concluding

---

[3] An AR is "used to document each action taken on the case." IRM § 4.10.9.5(1).

that Carey had only preliminary indications of fraud in 2009 and was not required to make an immediate criminal referral at that time. *See* ECF No. 213, PageID #s 3927–30.

On appeal to the Ninth Circuit, Hee argued the same issues raised in his March 2015 motion to dismiss and August 2015 motion for new trial. *See* Appellant's Opening Brief, No. 16-10018, (Apr. 12, 2016) ("Opening Brief") at 14-15, 21-28, 32-33, 39-46. Hee's § 2255 petition admits as much: "My appeal challenged both the denial of my pre- and post-trial motions citing IRS misconduct . . . ." ECF No. 268, PageID # 5667.

The Ninth Circuit affirmed this court's denials of Hee's motions, noting, "A criminal defendant can suppress evidence from a civil tax audit if he shows 'clear and convincing' evidence of an 'affirmative misrepresentation' by the IRS." *Hee*, 681 F. App'x at 650 (citing *United States v. Bridges*, 344 F.3d 1010, 1020 (9th Cir. 2003)). The Ninth Circuit held that "[b]ecause Hee presented *no such evidence*, the district court did not err in denying his motions." *Id.* (emphasis added). Thus, the Ninth Circuit squarely considered and ruled on the IRS's allegedly "fabricated evidence" and "secret criminal investigation." As a result, Hee may not now raise these issues in his § 2255 petition. *See Olney*, 433 F.2d at 162.

Hee's § 2255 petition asserts that he has discovered "'new' evidence that irrefutably shows that the Government's actions were known and taken intentionally." ECF No. 268, PageID # 5670. In a minute order, this court directed Hee to "identify the 'new evidence' he is relying on, as well as the date on which he or his attorney discovered or received the 'new evidence.'" ECF No. 283. In his reply, Hee confirms that he has not identified any evidence that was not available prior to the jury verdict, or even prior to the start of trial. *See* ECF No. 284, PageID # 5967 ("The 'new' evidence was produced on June 19, 2015. I understood [that] 'new' referred to what has been presented to the Court.").

Hee's § 2255 motion also argues that this court lacked jurisdiction over his case because the Government charged Hee based on fabricated evidence, and that his case should therefore have been tried in Tax Court. *See* ECF No. 284, PageID #s 5967-68. These arguments are necessarily tied to the arguments in his March 2015 and August 2015 motions because they are based on the idea that the IRS fabricated evidence to bring criminal charges against Hee. Given the Ninth Circuit's determination that there was "no . . . evidence" of "an 'affirmative misrepresentation' by the IRS," his arguments cannot succeed here.

**B.  Hee's Claim that the Government Suppressed Exculpatory Evidence Was Disposed of on Appeal.**

Hee's § 2255 petition argues that the Government intentionally suppressed exculpatory evidence "until the eve of trial" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 268-2, PageID # 5681.  He appears to refer to four documents that the Government turned over to the defense with its *Jencks* production on June 19, 2015: (1) a "third version" of Carey's AR;[4] (2) an email dated October 22, 2009, from IRS leasing specialist Pete Puzakulics concerning the tax treatment of a Waimana subsidiary's lease;[5] (3) Carey's Notice of Proposed Adjustment ("NOPA"),[6] which documented Hee's initial interview statement that Doll, a person whose fees he characterized as business expenses, was a masseuse; and (4) Chinaka's grand jury testimony.  *Id.* at 5689, 5693.  This *Brady* argument was raised on appeal and addressed by the Ninth Circuit.

As Hee concedes in his § 2255 petition, he has already challenged on appeal "the suppression of material evidence until

---

[4] The Government asserts that that this version of Carey's AR was turned over on May 15, 2015.  *See* ECF No. 282, PageID # 5950.  However, for the purposes of this order, the exact date of disclosure need not be determined.

[5] The Government's opposition is inconsistent with respect to when the Puzakulics email was turned over.  One section states that disclosure occurred in May 2015, another states June 19, 2015.  *See* ECF No. 282, PageID #s 5950, 5960.  For the purposes of this order, this inconsistency is not material.

[6] A NOPA is issued by the IRS and provides a summary of a proposed tax adjustment.  *See* IRM § 4.46.4.11.

just before trial." ECF No. 268, PageID # 5667. In the Opening

Brief supporting his appeal, Hee argued that the Government had

failed to timely produce "a third version of Carey's AR for

Waimana," which constituted "evidence that Carey harbored a

'secret intent' to refer Mr. Hee's case to the [IRS Criminal

Investigation Division]." Opening Brief at 13, 38. More

broadly, Hee argued, "If the Government had timely produced all

discovery, including all internal IRS emails, multiple versions

of the Waimana AR, the Summary of Activity Record, and Chinaka's

grand jury testimony, there would have been a reasonable

probability that [Hee's motion to dismiss filed on March 23,

2015,] would have resulted in an evidentiary hearing. . . ."

*Id.* at 37.

  The Ninth Circuit found no *Brady* violation. That

court explained that, for a *Brady* violation, "[t]he suppression

must be 'so serious that there is a reasonable probability that

the suppressed evidence would have produced a different'

outcome." *Hee*, 681 F. App'x at 650 (citing *Strickler v. Greene*,

527 U.S. 263, 281 (1999)). The Ninth Circuit held that

"[b]ecause evidence of guilt was overwhelming, there's no

reasonable probability that the allegedly suppressed evidence

would have changed the outcome of Hee's March 2015 motion,

August 2015 motion or trial." *Id.* Having been unsuccessful in

arguing this issue in his direct appeal, Hee may not now raise it in his § 2255 petition. *See Olney*, 433 F.2d at 162.

The Government states that it "does not believe Defendant explicitly raised the Puzakulics email in motions or on direct appeal." ECF No. 282, PageID # 5951. Nor does it appear that Hee specifically mentioned the NOPA in his Opening Brief on appeal. In a minute order, this court directed Hee to "specifically identify any argument that was not or could not have been raised before this court or the Ninth Circuit Court of Appeals." ECF No. 283. Otherwise, this court said, it would "presume that [the arguments] were either raised before this court or the Ninth Circuit." *Id*. Hee has identified no such arguments. *See* ECF No. 284. Even if the documents Hee points to were not addressed as part of Hee's *Brady* argument on appeal, Hee may not now raise these alleged *Brady* errors absent a showing of both "cause" for the delay and "prejudice" resulting from the alleged errors. *Frady*, 456 U.S. at 167-68. Having demonstrated neither cause nor prejudice, Hee may not now argue that the timing of the Government's disclosure of the NOPA and Puzakulics email constitutes a *Brady* violation.

### C. Hee Has Not Demonstrated That His Trial Attorneys Failed to Review Documents or That He Suffered Any Prejudice.

Hee argues that his trial attorneys failed to review certain "Jencks and non-Jencks documents containing

14

uncontroverted evidence of the Government's misconduct, and violations of statute and the rules of the court." ECF No. 268-2, PageID # 5714. He appears to be referring to the same documents discussed above--i.e., the four documents that the Government turned over to the defense with its *Jencks* production on June 19, 2015: (1) the "third version" of Carey's AR; (2) Puzakulics's email dated October 22, 2009, regarding the tax treatment of a Waimana subsidiary's lease; (3) Carey's NOPA regarding Hee's initial interview statement that Doll was a masseuse; and (4) Chinaka's grand jury testimony. *Id.* at 5689, 5693. He argues that, had his attorneys properly reviewed this evidence prior to trial, "they would have uncovered evidence of the Government's misconduct and had the charges dismissed" or "moved to delay the start of the trial." ECF No. 268-2, PageID #s 5972, 5682.

The standard for ineffective assistance of counsel "requires a showing of both deficient performance by counsel and consequent prejudice." *Ellis v. Harrison*, 891 F.3d 1160, 1164 (9th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, a claimant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

The Government's opposition attaches a declaration from Hee's trial counsel Steven Toscher, which states that the trial attorneys did review the Government's *Jencks* production. *See* ECF No. 282-1. The declaration states, "By June 22, 2015, the date that the trial in this matter began, the Firm had reviewed all of the documents which had been produced by the government as part of the Jencks production." *Id.*, PageID # 5965. To support this statement, the declaration describes steps taken by Hee's trial attorneys following their review of the production: (1) on June 20, 2015, Toscher sent several emails to the Government asking about "the absence of Jencks material for various witnesses that had been listed on the government's witness list"; (2) on June 22, 2018, trial attorneys prepared a trial cross-examination outline for Carey and accompanying exhibits from the *Jencks* production, including Carey's NOPA; and (3) because the Government did not call Carey as a witness at trial, documents from the *Jencks* production were used in support of Hee's post-trial motions. *See id.* (citing ECF Nos. 166, 198, 213). Hee does not dispute that these steps occurred. And as explained above, the documents in the *Jencks*

16

production served as the basis for some of Hee's arguments on appeal. Thus, there is no indication that Hee's trial attorneys failed to appropriately review the *Jencks* production.

Hee's reply argues that the Government committed several discovery violations and that a "reasonable attorney would have realized he needed a stay once their review of the Jencks production revealed the non-Jencks evidence." *See* ECF No. 284, PageID #s 5972-73. The decision whether to move to stay a trial or to ask for a continuance is a tactical one. Tactical decisions are given "great deference," and Hee has not offered any persuasive reason as to why a stay was necessary. *See Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). Hee attempts to argue that the documents are evidence of the IRS's fabrications and therefore constitute "exculpatory evidence" that his attorneys should have further explored. *See* ECF No. 284, PageID # 5974 (citing *Stankewitz v. Wong*, 698 F.3d 1163 (9th Cir. 2012)). This argument is unavailing because, as the Ninth Circuit held, Hee has presented "no such evidence" of any IRS misrepresentation. *Hee*, 681 F. App'x at 650.

In addition to failing to demonstrate that his attorneys failed to review *Jencks* material, Hee fails to demonstrate that he suffered any prejudice. He simply asserts that the charges against him would have been dismissed, without explaining how his attorneys' alleged failure to review the

17

documents affected the proceedings. As mentioned above, the
Ninth Circuit reviewed these documents in the context of Hee's
*Brady* argument and held that the "evidence of guilt was
overwhelming" and that "there's no reasonable probability that
the allegedly suppressed evidence would have changed the outcome
of Hee's March 2015 motion, August 2015 motion or trial." *Hee*,
681 F. App'x at 650. Thus, the Ninth Circuit has already ruled
that these documents had limited impact on Hee's trial.

Because Hee has not demonstrated that his trial
attorneys provided ineffective assistance in their review of the
Government's *Jencks* production, the court does not grant Hee
§ 2255 relief on this ground.

### D. Hee's Trial Counsel's Failure to Object to an Evidentiary Ruling Does Not Constitute Ineffective Assistance of Counsel.

Finally, Hee argues that his trial attorneys provided
ineffective assistance by "fail[ing] to properly object to the
trial court's rulings on the admissibility of testimony by
[Hee's] family." ECF No. 268-2, PageID # 5716. Hee argues
that, "[b]y not properly objecting, my trial counsel denied me
the opportunity to have the appellate court review the evidence
ruled hearsay and inadmissible by the trial court." *Id*. This
argument relates directly to the Ninth Circuit's ruling on Hee's
appeal.

At trial, Hee sought to have his wife and children testify about their "understanding" of why Hee did certain things and why Waimana made certain payments. As discussed extensively in the court's order denying Hee's motion for new trial, the court ruled that such testimony was inadmissible hearsay, although the witnesses could testify about their understandings upon the laying of a foundation that the understandings were based on something other than out-of-court statements by Hee. *See* ECF No. 213, PageID #s 3931-38.

On appeal, Hee raised this ruling as a point of error. *See* Opening Brief at 47. The Ninth Circuit held:

> *Because Hee failed to properly object below*, we review the district court's decisions concerning the admissibility of testimony for plain error. *See United States v. Lopez*, 762 F.3d 852, 859 (9th Cir. 2014). Under this standard, Hee must show that any error was not "subject to reasonable dispute." *Id.* at 863 (citations and internal quotation marks omitted). But it's a matter of reasonable dispute whether questions concerning "the understanding" of Hee's family members were intended to elicit hearsay rather than evidence of Hee's contemporaneous good faith. Nor did the exclusion of this line of questioning affect the outcome of the proceeding. Hee's defense, which lasted five days and included seventeen witnesses, amply aired the available evidence of his alleged good faith.

*Hee*, 681 F. App'x at 650 (emphasis added). In his § 2255 petition, Hee focuses on the Ninth Circuit's mention of the

19

"fail[ure] to properly object below" and asserts that it
indicates ineffective assistance of counsel.

Hee's ineffective assistance of counsel argument fails
for several reasons.  First, Hee was not deprived of review by
the Ninth Circuit because, in issuing the memorandum opinion
quoted above, the Ninth Circuit carefully considered the
excluded testimony by Hee's family.

Second, Hee does not establish deficient performance
by his trial attorneys.  The failure to object to an evidentiary
ruling, without more, does not constitute representation "below
an objective standard of reasonableness" because such a decision
could be understood as an objectively reasonable tactical
decision.  *See Strickland*, 466 U.S. at 688-89 (explaining the
strong presumption that challenged actions were sound trial
strategy and that counsel's tactical decisions are given "wide
latitude"); *see also Larimer v. Yates*, 483 F. App'x 317, 319-20
(9th Cir. 2012) (holding that trial counsel did not provide
ineffective assistance in failing to object to the admission of
testimony).  The Ninth Circuit held that Hee's trial attorneys
"amply aired the available evidence of [Hee's] alleged good
faith," further indicating that his trial attorneys were not
deficient in eliciting testimony going to the reasoning behind
Hee's actions.  *See id.*

Finally, Hee has not argued that he suffered any prejudice at trial--i.e., that "the result of the proceeding would have been different" had his trial attorneys objected. *See Strickland*, 466 U.S. at 694. Nor does Hee demonstrate that the outcome of the proceeding would have been different had his family members testified as to their "understanding" of the reasons for Hee's actions. The Ninth Circuit concluded that "the exclusion of this line of questioning [did not] affect the outcome of the proceeding," effectively holding that Hee suffered no prejudice. *Hee*, 681 F. App'x at 650.

As a result, Hee's ineffective assistance of counsel claim with respect to the evidentiary objection fails.

## V.       CONCLUSION.

Hee's § 2255 petition is denied. The Clerk of Court is directed to enter judgment for the Government and to close Civil No. 18-00104 SOM-RLP.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 25, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Albert S.N. Hee v. United States of America, Civ. No. 18-00104 SOM-RLP, Cr. No. 14-00826 SOM; ORDER DENYING HEE'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE.